UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CYNTHIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-01632-RLY-DKL |
| | ) | |
| BRIAN C. HARTWELL, ESQ., LAW OFFICES OF BRIAN C. HARTWELL, PLLC, PAUL BOEHMS, and P & J APARTMENTS LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

Plaintiff, Cynthia Johnson, filed her *pro se* Complaint alleging that Defendants, Brian C. Hartwell, the Law Offices of Brian C. Hartwell, Paul Boehms, and P & J Apartments, violated Indiana law by mishandling her personal information. In an attempt to collect a debt, Defendants sent a completed rental application–a document that had Plaintiff's complete name, date of birth, Social Security number, and driver's license number written on it–to her as an attachment to an e-mail. The problem, according to Plaintiff, is that Defendants sent that attachment to a total of six different e-mail addresses, all of which are slight variations of two usernames (e.g., syncjj@aol.com, syncjj@hotmail.com, majaleague@hotmail.com, majaleague@gmail.com). Defendants also sent a copy of the rental application to Plaintiff's home in Indiana and an address in Michigan that she does not recognize. Plaintiff avers that by disclosing confidential and

1

sensitive information, Defendants committed the acts of: (1) negligence, (2) intentional infliction of emotional distress, and (3) invasion of privacy.

All Defendants now move to either dismiss the Complaint or transfer this case to the U.S. District Court for the Eastern District of Michigan. Brian C. Hartwell and the Law Offices of Brian C. Hartwell move to dismiss for failure to state a claim, lack of personal jurisdiction, and improper venue. Paul Boehms and P & J Apartments move for dismissal on only the second and third theories. The court finds that it lacks personal jurisdiction over any Defendant and therefore need not address the other arguments.

"Personal jurisdiction refers to a court's power to impose judgment on a particular defendant." *Boyer v. Smith*, 42 N.E.3d 505, 509 (Ind. 2015).[1] Indiana Trial Rule 4.4(A) provides examples of activities that often support a finding of personal jurisdiction. The rule also includes a catchall provision that "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006). In other words, "the defendant must have 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (alteration in *LinkAmerica Corp.*).

"Once a party (usually the defendant) challenges the existence of personal jurisdiction, the plaintiff then must present evidence to show the court's jurisdiction over

---

[1] Because this court is sitting in diversity, it must apply Indiana's personal jurisdiction rules. *Kipp v. SKI Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015).

the defendant." *Reed v. Reid*, 980 N.E.2d 277, 304 (Ind. 2012).  Plaintiff has failed to do that here.  Her Complaint plainly states that "all Defendants have a principal business address and are residents in the State of Michigan" and "[t]he causes of action alleged in this Complaint accrued in the State of Michigan."  (Filing No. 1-1, Complaint ¶ 7).  After Defendants highlighted these admissions in their motions, Plaintiff did not produce any evidence that would suggest the court has general or specific personal jurisdiction.  *See Boyer*, 42 N.E.3d at 510, 510 n.2 (concluding that general personal jurisdiction "arises when defendants possess 'continuous and systematic' contacts with Indiana," and specific personal jurisdiction "exists when a lawsuit arises from or is closely related to a defendant's minimum contacts with or substantial connection to the forum state").

    Defendants' uncontested affidavits make clear that they do not possess "continuous and systematic" contacts with Indiana, which means that the court does not have general jurisdiction.  (*See* Filing No. 18-1, Affidavit of Brian C. Hartwell; Filing No. 23-1, Affidavit of Paul Boehms).  Additionally, nothing in the record suggests that Defendants purposefully availed themselves of the privilege of conducting activities within Indiana such that they could reasonably anticipate being haled into court here, meaning that the court does not have specific jurisdiction.  *See LinkAmerica Corp.*, 857 N.E.2d at 967.  The only acts related to Indiana mentioned in the Complaint–sending a single e-mail message to someone who resides in Indiana and a single letter to an Indiana address–are not substantial enough contacts to subject Defendants to this court's jurisdiction.  *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("[E]mail does not exist in any location at all; it

3

bounces from one server to another . . . . The connection between the place where an email is opened and a lawsuit is entirely fortuitous."); *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 208 F. Supp. 2d 918, 926 (N.D. Ill. 2002) ("Generally, telephonic exchanges and mail correspondence from a foreign defendant outside the forum state to individuals within the forum state are insufficient to provide a basis for the exercise of personal jurisdiction under due process analysis.").

Even if Plaintiff had argued that the court has personal jurisdiction under the so-called "*Calder* effects test," dismissal would still be required. *See Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010) (distilling three requirements for personal jurisdiction pursuant to *Calder*: "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt--that is, the plaintiff would be injured--in the forum state") (citing *Calder v. Jones*, 465 U.S. 783 (1984)). The alleged harm occurred when Defendants (1) mailed the rental application to an address in Michigan that Plaintiff does not recognize, and (2) e-mailed the application to unknown persons in unknown locations. Thus, the allegedly unlawful conduct was not aimed at Indiana. Rather, the conduct was aimed at Michigan and other unknown states.

Therefore, Defendants' respective motions to dismiss or transfer (Filing Nos. 18, 22) are both **GRANTED IN PART**.  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for want of personal jurisdiction.  She is free to re-file this action in a court of proper jurisdiction.  The Clerk is **DIRECTED** to close this case forthwith.

**SO ORDERED** this 31st day of October 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

Cynthia Johnson
6849 Capitol Ln. #C
Avon, IN 46123